Case 0:19-cv-62181-AMC Document 1 Entered on FLSD Docket 08/30/2019 Page 1 of 10

Filed by _____ LS _____ D.C.

Aug 30, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. LAUD.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

**19-62181-CV-MORENO/SELTZER**

CASE NO.:

WILHELRMS TEDDYS ANDRE,

   Plaintiff,

v.

RYAN T. BIRO, individually,

   Defendant.

_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

  Plaintiff WILHELRMS TEDDYS ANDRE ("Mr. Andre") sues Defendant RYAN T. BIRO ("Officer Biro"), and in support thereof, states:

### INTRODUCTION

  1. This is a civil rights action on behalf of Mr. Andre whose rights under the Fourth Amendment to the United States Constitution were violated by Officer Biro, an officer of the Sunrise Police Department (the "SPD"), while Officer Biro was operating under color of authority for the City of Sunrise (the "City"). Officer Biro used excessive force against Mr. Andre and falsely arrested and falsely imprisoned Mr. Andre.

  2. Mr. Andre seeks redress for the violations of his rights, privileges, and immunities as guaranteed by the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, and the laws of Florida.

### JURISDICTION AND VENUE

  3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and 28 U.S.C. § 1343(a).

  4. Supplemental jurisdiction over Mr. Andre's additional state law claims is proper pursuant to 28 U.S.C. §1367(a) because they inextricably related to Mr. Andre's federal claims.

5. Venue in this District is proper under 28 U.S.C. § 1391(b) because all the events and omissions complained of took place in the Southern District of Florida.

6. All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution.

**PARTIES**

7. Mr. Andre is a citizen of the United States, a resident of the State of Florida, of African American descent, and *sui juris*.

8. At all times material, Officer Biro was an employee of the City and employed by the City as a police officer with the SPD (#3724). At all times material, Officer Biro was an employee and a sworn law enforcement officer of the SPD. Officer Biro is being sued in his individual capacity. At all times material, Officer Biro was acting as an agent and employee of the City and was acting under the color of state law.

9. In connection with the acts, practices and violations alleged below, Officer Biro, while acting within the course and scope of his employment with the City, and under color of law, directly violated Mr. Andre's clearly established constitutional rights as well as violated statutory and common law duties owed to Mr. Andre.

**BACKGROUND AND GENERAL ALLEGATIONS**

10. On April 3, 2017, Mr. Andre, together with his cousin, Desmond, and aunt, Yvonne, were enjoying family vacation at the Sawgrass Grand Hotel, located in Sunrise, Florida. Once settled in the hotel room, Mr. Andre and his family wanted to enjoy the night out together. While Desmond and Yvonne prepared inside the hotel room for the outing, Mr. Andre waited outside in the front-passenger seat of Yvonne's black Mercedes.

11. It was past midnight as Mr. Andre sat there waiting, and he eventually dozed off in

the passenger seat of the Mercedes.

12. At approximately 2:00 a.m., Mr. Andre was jolted awake by an intensely bright and focused beam of light was shining directly onto his face. Dazed and confused, Mr. Andre instinctively shielded his eyes from the blinding light, and in doing so, noticed another car had parked perpendicular to his (the passenger's side) door, seemingly pinning the passenger door closed.

13. Once Mr. Andre's eyes adjusted to the intense light, Mr. Andre noticed a police officer—Officer Biro—standing directly outside of his door with a flashlight in his hand. Before Mr. Andre could say anything, let alone process what was happening, Officer Biro demanded Mr. Andre produce identification. Scared and confused, Mr. Andre removed his driver's license from his wallet, and before Mr. Andre could extend his arm to willfully provide his license to Officer Biro, Officer Biro lurched forward and attempted to quickly snatch it from Mr. Andre's grasp.

14. Suddenly and without reason or provocation, Officer Biro aggressively grabbed Mr. Andre, by his head and arm, and proceeded to forcefully rip Mr. Andre from the Mercedes. At no point in time did Officer Biro ask Mr. Andre to step out of the Mercedes, provide any explanation to Mr. Andre, or answer any of Mr. Andre's questions.

15. Moreover, while forcefully removing Mr. Andre from the Mercedes, Officer Biro was shouting at Mr. Andre and called Mr. Andre a "nigger."

16. Despite the excessive and unnecessary force which Officer Biro exerted to remove Mr. Andre from the Mercedes, and despite such removal being against his, Mr. Andre did not resist or fight against Officer Biro.

17. After completely removing Mr. Andre from the vehicle, calling Mr. Andre a "nigger," and completely incapacitating him, Officer Biro handcuffed Mr. Andre and forcefully

shoved him into the back of his police vehicle.

18. With Mr. Andre handcuffed and locked inside his vehicle, Officer Biro searched the entirety of the Mercedes. In a sealed box, inside the closed trunk of the Mercedes, a firearm was discovered. The firearm in question belonged to Desmond.

19. Critically, instead of correctly documenting *where* and *how* the firearm came to be discovered, let alone properly investigate the matter any further, Officer Biro falsely reported that the firearm had be found under the seat of the Mercedes. Worse, Officer Biro, in an attempt to justify the excessive force he utilized against Mr. Andre, as well as justify the unlawful confinement and seizure of Mr. Andre, Officer Biro falsely reported that Mr. Andre had repeatedly attempted to reach for the firearm despite being commanded to stop.

20. As a result of the Officer Biro's actions, Mr. Andre suffered and continues to suffer countless injuries. Mr. Andre was in jail for many months as a result of the false arrest and malicious prosecution. Mr. Andre was charged under criminal case number 17003884CF10A.

21. On August 14, 2018, a jury acquitted Mr. Andre of the charges.

### *COUNT I*
### *42 U.S.C. § 1983-- False Arrest/Imprisonment*

22. Mr. Andre incorporates paragraphs 1 through 21 as if fully set forth herein.

23. At all times material, Mr. Andre had a constitutionally protected right to be free from unreasonable searches and seizures or from being subjected to a seizure or arrest without probable cause and maintained the right to be free from unlawful assault, protected rights under the Fourth and Fourteenth Amendments of the United States Constitution.

24. On April 3, 2017, Officer Biro unlawfully detained and deprived Mr. Andre of his liberty, against Mr. Andre's will, and without legal authority.

25. At no point in time did Officer Biro have any reasonable or articulable suspicion,

let alone probable cause, that would support a constitutional seizure or arrest of Mr. Andre.

26. On April 3, 2017, without any reasonable or articulable suspicion, and without probable cause, Officer Biro caused Mr. Andre to be detained, arrested, and searched, all of which are in violation of clearly established law.

27. At all times material, any reasonably competent officer having a reasonable degree of training and expertise should have known that there was no constitutional or legally justifiable basis to arrest Mr. Andre.

28. At all times material, it was a clearly established violation of Mr. Andre's constitutional right to be free from unreasonable searches and seizures, and to be subjected to a search and arrest, when no reasonable or articulable suspicion or probable cause of any criminal activity existed to seize or arrest Mr. Andre.

29. At all times material, Officer Biro, in arresting Mr. Andre concealed, suppressed, omitted and mischaracterized material facts, statements, and otherwise evidence, of which Officer Biro had knowledge, in violation of Mr. Andre's rights of due process.

30. At all times material, Officer Biro did knowingly, or with reckless disregard for the truth, prepare, caused to be prepared, or participated in the preparation of, an intentionally false and misleading report to support Officer Brio's unconstitutional arrest and search of Mr. Andre.

31. At all times material, any reasonably competent law enforcement officer with adequate training should have known that the actions being taken, with respect to the arrest and search of Mr. Andre, were improper, unconstitutional, and likely to result in the violation of the constitutional rights of Mr. Andre.

32. On April 3, 2017, Officer Biro intended to cause, and did cause, offensive contact with, and unconsented touching of, the body of Mr. Andre, while acting under the color of law.

33. At all times material, it would have been readily apparent to a reasonably competent and trained police officer, having due regard for Mr. Andre's constitutional rights, that the use of physical force employed against Mr. Andre, without him offering any physical threat or resistance, was unjustified, unwarranted, and otherwise a violation of clearly established law and Mr. Andre's constitutional rights.

34. The actions of Officer Biro violated Mr. Andre's clearly established Fourth Amendment rights, and a reasonable police officer would have understood that the actions and/or omissions of Officer Biro did violate such rights.

35. As a direct and proximate result of the false imprisonment, assault, and battery, Mr. Andre has suffered pain and suffering, mental anguish, emotional distress, and loss of capacity for the enjoyment of life.

36. WHEREFORE, Plaintiff WILHELRMS TEDDYS ANDRE, respectfully, seeks entry of final judgment against Defendant RYAN BIRO for compensatory and punitive damages, as well as, costs, and attorney fees and such other relief that the Court deems just and proper.

## COUNT II
### 42 U.S.C. § 1983—Assault & Battery

37. Mr. Andre incorporates paragraphs 1 through 21 as if fully set forth herein.

38. At all times material hereto, Mr. Andre had a constitutionally protected right to be free from the use of excessive force without justification.

39. On April 3, 2017, Officer Biro intended to cause, and did cause, offensive contact with, and unconsented touching of, the body of Mr. Andre, while acting under the color of law.

40. At all times material, it would have been readily apparent to a reasonably competent officer, having due regard for Mr. Andre's constitutional rights, that the use of physical force employed against Mr. Andre, who was merely verbally expressing criticism *without* offering any

physical threat or resistance, was unjustified and in violation of clearly established law.

41. At all times material, any reasonably competent officer having an adequate degree of training and expertise, would have known that there was no constitutional or legally justifiable basis to use the degree and/or level of force exercised by Officer Biro against Mr. Andre.

42. At no point in time did Officer Biro have any reasonable or articulable suspicion, let alone probable cause, that would support a constitutional seizure or battery of Mr. Andre.

43. At all times material, Officer Biro concealed, suppressed, omitted and mischaracterized material facts, statements, and otherwise evidence, of which Officer Biro had knowledge, in violation of Mr. Andre's rights of due process.

44. At all times material, Officer Biro knowingly, or with reckless disregard for the truth, prepared, caused to be prepared, or participated in the preparation of, an intentionally false and misleading report to support Officer Brio's unconstitutional battery of Mr. Andre.

45. At all times material, any reasonably competent law enforcement officer with adequate training would have known that the actions being taken, with respect to the use of excessive force against Mr. Andre, were improper, unconstitutional, and likely to result in the violation of the constitutional rights of Mr. Andre.

46. The actions of Officer Biro violated Mr. Andre's clearly established Fourth Amendment rights, and every reasonable police officer would have understood that the actions and/or omissions of Officer Biro did violate such rights.

47. As a direct and proximate result of the wrongful conduct of Officer Biro, the constitutional rights of Mr. Andre were violated and abridged, causing Mr. Andre to suffer emotional distress, public humiliation and embarrassment, damage to his good name and reputation, loss of personal liberty, and sustained other general damages.

48. As a direct and proximate result of the unlawful battery, Mr. Andre has suffered mental anguish, pain, continuous suffering, emotional distress, and loss of capacity for the enjoyment of life.

**WHEREFORE**, Plaintiff WILHELRMS TEDDYS ANDRE, respectfully, seeks entry of final judgment against RYAN BIRO for compensatory and punitive damages, as well as, costs, and attorney fees and such other relief that the Court deems just and proper.

## COUNT III
### *False Imprisonment*

49. Mr. Andre incorporates paragraphs 1 through 21 as if fully set forth herein.

50. This is an action under the common law of the State of Florida for false imprisonment. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

51. On April 3, 2017, Officer Biro, acting in the course and scope of his employment as a police officer for the City, caused Mr. Andre to be seized, detained, arrested, and deprived Mr. Andre of his liberty, against his will and without legal authority to do so, despite his desires to leave, and was done with malice, bad faith or wanton or willful disregard for the safety of Mr. Andre's well-being.

52. At no time did Officer Biro have any reasonable or articulable suspicion or probable cause which would support a constitutional seizure or arrest of Mr. Andre.

53. On April 3, 2017, notwithstanding having zero reasonable or articulable suspicion and without probable cause, Officer Biro caused Mr. Andre to be arrested and searched, all in violation of clearly established law.

54. As a direct and proximate result of the false imprisonment, Mr. Andre has suffered bodily injury, pain and suffering, mental anguish, loss of capacity for enjoyment of life, lost wages,

and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. Andre will suffer such losses in the future.

**WHEREFORE**, Plaintiff WILHELRMS TEDDYS ANDRE, seeks entry of final judgment against Defendant RYAN BIRO for compensatory and punitive damages, as well as costs, attorney fees, and such other relief that the Court deems just and proper.

## COUNT IV
### *Assault and Battery*

55. Mr. Andre incorporates paragraphs 1-21 as though fully set forth herein.

56. Even assuming that Officer Biro had probable cause to seize and search Mr. Andre, the amount of force Officer Biro used in effectuating Mr. Andre's seizure was unlawful even if the seizure itself was valid.

57. This is an action under the common law of the State of Florida for assault and battery. Such claims arise from a common nucleus of operative facts as the violations of 42 U.S.C. § 1983, as set forth above.

58. The conduct of Officer Biro on April 3, 2017, in approaching beating Mr. Andre, and employing excessive force to do so, was intentional and intended to cause a harmful or offensive contact with the person of Mr. Andre.

59. Officer Biro's actions created a well-founded fear in Mr. Andre that death or severe bodily injury was imminent.

60. The conduct of Officer Biro was committed within the course and scope of his employment with the County, and was done with malice, bad faith or wanton or willful disregard for the safety of Mr. Andre's well-being.

61. As a direct and proximate result of the acts alleged above, Mr. Andre suffered bodily injury and resulted in pain and suffering, mental anguish, loss of capacity of enjoyment of

life, lost wages and loss of ability to earn money. These injuries and losses are permanent and continuing, and Mr. Andre will suffer such losses in the future.

**WHEREFORE**, Plaintiff WILHELRMS TEDDYS ANDRE, seeks entry of final judgment against Defendant RYAN BIRO for compensatory and punitive damages, as well as costs, attorney fees, and such other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff WILHELRMS TEDDYS ANDRE, respectfully, hereby demands a trial by jury of all issues so triable.

## VERIFICATION

I, WILHELRMS TEDDYS ANDRE, have reviewed this Complaint. I have personal knowledge as to the facts concerning myself in the Complaint, and I know or believe them to be true. As to the allegations of which I do not have personal knowledge, I believe them to be true based on information and belief.

_/s/ Wilhelrms Teddys Andre_
Wilhelrms Teddys Andre
9351 N.W. 46th Court
Sunrise, Florida 33351
(646) 707-9422
wt_andre@yahoo.com