UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 0:19-cv-62181- FAM

WILHELRMS TEDDYS ANDRE,

    Plaintiff,

v.

RYAN T. BIRO, individually,

    Defendant.

_____/

### DEFENDANT, RYAN T. BIRO'S, ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT [DE 14]

Defendant, RYAN T. BIRO ("Biro"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Southern District, hereby files his Answer and Defenses to Plaintiff, WILHELRMS TEDDYS ANDRE's Amended Complaint, and further states:

**I.**     **Answer**

    1.    Defendant Biro denies the allegations of paragraph[1] one and demands strict proof.

    2.    Defendant Biro denies the allegations of paragraph two and demands strict proof.

    3.    Defendant Biro admits the allegations of paragraph three to the extent that jurisdiction is appropriate in this Court. Defendant Biro denies any other allegations contained in paragraph three and demands strict proof.

---

[1] In violation of Fed.R.Civ.P. 10, *pro se* Plaintiff Andre has failed to separately number the paragraphs in his Amended Complaint [DE 14]. Defendant Biro will assign each bullet point with a number beginning with the first bullet point at 1.

4. Defendant Biro admits the allegations of paragraph four to the extent that jurisdiction is appropriate in this Court. Defendant Biro denies any other allegations contained in paragraph four and demands strict proof.

5. Defendant Biro admits the allegations of paragraph five to the extent that venue is appropriate in this Court. Defendant Biro denies any other allegations contained in paragraph five and demands strict proof.

6. Denied.

7. Defendant Biro is without knowledge of the allegations of paragraph 7, therefore Defendant Biro denies same and demands strict proof.

8. Admitted.

9. Denied.

10. Defendant Biro is without knowledge of the allegations of paragraph 10, therefore Defendant Biro denies same and demands strict proof.

11. Defendant Biro is without knowledge of the allegations of paragraph 11, therefore Defendant Biro denies same and demands strict proof.

12. Defendant Biro is without knowledge of the allegations of paragraph 12, therefore Defendant Biro denies same and demands strict proof.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendant Biro is without knowledge of the allegations of paragraph 18, therefore Defendant Biro denies same and demands strict proof.

19. Denied.

20. Denied.

21. Defendant Biro is without knowledge of the allegations of paragraph 21, therefore Defendant Biro denies same and demands strict proof.

22. Defendant Biro re-incorporates his responses to paragraphs 1-21, as if fully set forth herein.

23. Defendant Biro denies the allegations of paragraphs 23 – 36 which comprise Count I of DE 14, inclusive, and demands strict proof.

24. Defendant Biro denies the allegations of paragraphs 37 – 49 which comprise Count II of DE 14, inclusive, and demands strict proof.

25. Defendant Biro denies the allegations of paragraphs 50 – 56 which comprise Count III of DE 14, inclusive, and demands strict proof.

26. Defendant Biro denies the allegations of paragraphs 57 – 64 which comprise Count IV of DE 14, inclusive, and demands strict proof.

27. Defendant Biro denies any and all allegations not specifically admitted in this answer and demands strict proof.

**II.    Defenses**

28. The sole legal cause of any and all damages sustained by Plaintiff was Plaintiff's own criminal, illegal, unlawful, wrongful, or otherwise culpable conduct. Plaintiff therefore is barred from recovery.

29. Defendant Biro at all times acted under color of and in accordance with applicable law and in good faith, objectively reasonably, and within the sound discretionary authority of his duties as a sworn law enforcement officer with the City of Sunrise.  Defendant Biro therefore is entitled to qualified immunity from suit and liability under 42 USC § 1983.

30. Plaintiff did not suffer the deprivation of any right, privilege, or immunity secured by the United States Constitution.

31. Defendant Biro did not subject Plaintiff, nor cause Plaintiff to be subjected to the deprivation of any right, privilege, or immunity secured by the United States Constitution.

32. Plaintiff intentionally has aggravated and exacerbated his claimed damages.

33. Defendant Biro is not liable for damages in this action in that the injury allegedly sustained was sustained during the commission or attempted commission of a forcible felony in accordance with §776.085, Fla. Stat.

34. Plaintiff's claims are barred by the doctrine of collateral estoppel and/or the holding of Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).

35. Defendant Biro acted appropriately and lawfully at all times material hereto and is entitled to the presumption that the exercise of his police power was for the purpose of protecting the public health, safety and/or welfare, and otherwise presumed to be for the purpose of preventing harm. Such rebuttable presumption requires proof to the contrary by clear and convincing evidence by Plaintiff as more fully set forth in Florida Statutes § 11.066(2).

36. Defendants assert that to the extent any force was used or directed by Defendant Biro, that such force was objectively reasonable under the Fourth Amendment and justifiable, and otherwise lawful pursuant to Chapter 776, Florida Statutes.

37. Defendant Biro at all times acted in good faith, objectively reasonably, and within the sound discretionary authority of their duties as law enforcement officers. Defendant Biro is therefore entitled to qualified immunity from suit and liability under 42 USC § 1983.

38. Defendant Biro utilized no force in affecting the lawful detention, arrest, custody, and control of Plaintiff.

39. Defendant Biro arrested Plaintiff pursuant to a facially valid arrest warrant, therefore no claim for false arrest can be stated against Defendant Biro.

40. Plaintiff has failed to mitigate his damages.

41. Defendant Biro at all times material herein had probable cause, or arguable probable cause to arrest Plaintiff. Therefore, there is no valid claim for false arrest.

42. Defendant Biro asserts he is entitled to all the rights, privileges, and immunities, including limits on liability, sovereign immunity limits, and attorney's fees, through provisions set forth in §768.28, Florida Statutes.

43. Defendant Biro is entitled to a setoff of all payments paid or payable by all collateral sources for all expenses, bills, or other obligations incurred as a result of the incident alleged in Plaintiff's Amended Complaint [DE 14], in accordance with Florida Statutes.

44. Defendant Biro asserts that any damages claimed herein were caused either in whole or in part by the Plaintiff's own negligence, wrongdoing, or criminal conduct. Accordingly, any damages must be mitigated thereby.

45. Defendant Biro asserts that he did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard for human rights, safety, or property with regard to the incident at issue.

46.     Defendant Biro asserts that the arrest and/or detention of Plaintiff was based upon probable cause and/or arguable probable cause.  Moreover, Defendant Biro had probable cause and/or a reasonable basis to detain Plaintiff pursuant to a facially valid arrest warrant and/or Defendant Biro's observations at the time of the incident alleged.

47.     Defendant Biro asserts that qualified immunity applies to his actions in this incident.  Defendant Biro's actions were at all times material hereto reasonable, proper, legal, and taken pursuant to state law and the United States Constitution.  Furthermore, the acts complained of occurred with the scope of Defendant Biro's official duties, and Defendant Biro had no knowledge that said acts were illegal or unconstitutional nor did said acts clearly violate Plaintiff's rights at the time they were committed.

48.     Defendant Biro asserts that Plaintiff's Amended Complaint [DE 14] fails to state a cause of action upon which relief may be granted.

### III.    Demand for Attorney's Fees

49.     Plaintiff has sued Defendant Biro pursuant to 42 U.S.C. § 1983.

50.     Plaintiff's action against Defendant Biro is frivolous, unreasonable, and without foundation in law or fact.

51.     Pursuant to 42 U.S.C. § 1988, Defendant Biro is entitled to recover his attorney's fees once Defendant Biro has prevailed in this action.

### IV.    Demand for Jury Trial

Defendant Biro demands trial by jury of all issues so triable as of by right of a jury.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of January, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY:  */s/W. Hampton Johnson IV*
W. HAMPTON JOHNSON IV
FLA. BAR NO. 98607
JOHNSON, ANSELMO, MURDOCH,
 BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
whjohnson@jambg.com/young@jambg.com

**SERVICE LIST**

**WILHELRMS TEDDYS ANDRE**
PRO SE
9351 NW 46TH Court
Sunrise, FL 33351
646-707-9422
Wt_andre@yahoo.com

**W. HAMPTON JOHNSON IV, ESQ.**
JOHNSON, ANSELMO, MURDOCH, BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
whjohnson@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)