UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 0:19-cv-62181- FAM

WILHELRMS TEDDYS ANDRE,

    Plaintiff,

v.

RYAN T. BIRO, individually,

    Defendant.
    _____/

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S UNAUTHORIZED SECOND AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants, RYAN T. BIRO, CLAYTON ROBERSON, CARY DEJEAN, THOMAS NELSON JR., PAUL HORMANN, and LUIS CASTRO (collectively, "Defendants") by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Local Rules for the Southern District, hereby request entry of an Order striking Plaintiff, WILHELRMS TEDDYS ANDRE's Second Amended Complaint [DE 36], and further state:

**I.    Introduction**

1.    On August 30, 2019, *pro-se* Plaintiff Wilhelrms Teddy Andre filed his initial Complaint for damages against Sunrise Police officer Ryan T. Biro. See DE 1.

2.    Prior to Officer Biro responding to Plaintiff's Complaint, Plaintiff filed an Amended Complaint on January 2, 2020. See DE 14.

3.    In Plaintiff's Amended Complaint, he added Sunrise police officers Clayton Roberson, Cary Dejean, Thomas Nelson Jr., Paul Hormann, "William," and Luis Castro as named defendants. See id.

4. Notably, Plaintiff failed to plead any causes of action against the newly added defendants.

5. On January 16, 2020, undersigned counsel filed his answer and affirmative defenses on behalf of Defendant Biro only. See DE 22.

6. On January 27, 2020, the Court entered a scheduling order which stated the parties' deadline to join additional parties or to amend pleadings was **February 24, 2020.** See DE 24.

7. On March 25, 2020, the Court entered an order of continuance of trial and revised several pretrial deadlines. The Court's order **did not revise** the deadline for adding additional parties or amending the pleadings. See DE 34. Specifically, the Court noted in its order that "[t]his Order shall supersede only the inconsistent provisions of previous Scheduling Orders." See id.

8. On June 8, 2020, without leave of Court and in violation of this Court's prior scheduling orders, Plaintiff filed his Second Amended Complaint naming additional parties and causes of action. See DE 36.

## II. Motion

9. Plaintiff's Second Amended Complaint was filed without leave of Court and in violation of this Court's prior scheduling orders.

10. Plaintiff's Second Amended Complaint should be stricken as a matter of law as an unauthorized filing and one that violates this Court's prior scheduling orders.

11. Plaintiff's Second Amended Complaint is impertinent and immaterial as a matter of law. Additionally, Plaintiff's Second Amended Complaint fails to state a cause of action against any individual or entity not named Biro, therefore is futile.

WHEREFORE, Defendants RYAN T. BIRO, CLAYTON ROBERSON, CARY DEJEAN, THOMAS NELSON JR., PAUL HORMANN, and LUIS CASTRO request entry of an Order striking Plaintiff's Second Amended Complaint, together with such other and further relief deemed necessary and proper.

### III. <u>Memorandum of law</u>

"A party may amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier." <u>See</u> Fed. R. Civ. P. 15(a)(1)(A),(B). "Under ordinary circumstances, a district court may properly deny leave to amend where amendment would be futile." <u>See</u> <u>Corsello v. Lincare, Inc.</u>, 428 F.3d 1008, 1014 (11th Cir. 2005). "A proposed amendment is futile when the complaint as amended would not survive a Rule 12(b)(6) motion to dismiss." <u>See</u> <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1320 (11th Cir. 1999). However, "[w]hen the plaintiff has the right to file an amended complaint as a matter of course ... the plain language of Rule 15(a) shows that the [district] court lacks the discretion to reject the amended complaint based on its alleged futility." <u>See</u> <u>Williams v. Bd. of Regents of Univ. Sys. of Georgia</u>, 477 F.3d 1282, 1292 n. 6 (11th Cir. 2007); <u>see</u> <u>also</u>; <u>Hoke v. Lyle</u>, 716 Fed. Appx. 930, (Mem)–931 (11th Cir. 2018). "The proper method for requesting leave to amend a complaint is by filing a motion." <u>See</u> Fed.R.Civ.P. 7(b); <u>see also</u> <u>Long v. Satz</u>, 181 F.3d 1275, 1279 (11th Cir.1999). Additionally, "when a more carefully drafted complaint might state a claim, a pro se litigant 'must be given *at least one chance* to amend the complaint before the district court dismisses the action with prejudice.'" <u>See</u> <u>Woldeab v. Dekalb Cty. Bd. of Educ.</u>,

3

885 F.3d 1289, 1291 (11th Cir. 2018) (quoting Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988)) (emphasis added).

Here, Plaintiff has already amended his pleading once as a matter of right. See DE 14. Further, the Court's own scheduling orders plainly spell out the deadlines for amendment and adding additional parties. See DE 24 & DE 34. Plaintiff's Second Amended Complaint was filed *105 days* after the expiration to amend or add additional parties. Plaintiff has already been deposed, discovery has been answered, and the case has progressed. Not only has Plaintiff failed to properly abide by the Federal Rules of Civil Procedure, he has failed to abide by this Court's orders. "Although the Court must liberally construe pro se pleadings, 'pro se litigants are nonetheless required to conform their pleadings to procedural rules.'" See Hanna v. Florida, 599 F. App'x 362, 363 (11th Cir. 2015) (citation omitted). Further, Plaintiffs new allegations against the other individual officers fail to describe with particularity what **each officer did** that was violative of Plaintiff's civil rights. "Pro se litigants 'cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . judges cannot and must not 'fill in the blanks' for pro se litigants; they may only cut some 'linguistic slack' in what is actually pled.'" See Hanninen v. Fedoravitch, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (citation omitted). No valid claims have been pled in Plaintiff's unauthorized pleading against any defendant not named Biro, including Plaintiff naming the "City of Sunrise" in the style of the case but failing to allege any custom and policy arguments. Plaintiff's pleading is unauthorized, violative of this Court's scheduling orders, and fails to state a cause of action against the City or any individual not named Biro.

WHEREFORE, Defendants RYAN T. BIRO, CLAYTON ROBERSON, CARY DEJEAN, THOMAS NELSON JR., PAUL HORMANN, and LUIS CASTRO, request entry of an Order striking Plaintiff's Second Amended Complaint for the above-stated reasons, together with such other and further relief deemed necessary and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of June, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY:  /s/W. Hampton Johnson IV
W. HAMPTON JOHNSON IV
FLA. BAR NO. 98607
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
whjohnson@jambg.com/young@jambg.com

**SERVICE LIST**

**WILHELRMS TEDDYS ANDRE**
PRO SE
9351 NW 46TH Court
Sunrise, FL 33351
646-707-9422
Wt_andre@yahoo.com

**W. HAMPTON JOHNSON IV, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
whjohnson@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)