UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 0:19-cv-62181- FAM

WILHELRMS TEDDYS ANDRE,

    Plaintiff,

v.

RYAN T. BIRO, individually,

    Defendant.
_____/

### DEFENDANT, RYAN T. BIRO'S RENEWED[1] MOTION TO STRIKE PLAINTIFF'S PLEADINGS AND FOR MONETARY SANCTIONS

Defendant, RYAN T. BIRO ("Biro"), by and through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, and the Local Rules for the Southern District, hereby requests entry of an order striking Plaintiff, WILHELRMS TEDDY ANDRE'S pleadings, and awarding monetary sanctions for his willful and deliberate obstruction of the discovery process, and further states:

**I.     Motion**

    1.    On July 6, 2020, undersigned counsel attempted to conduct the deposition of non-party witness, Yvonne Nolan.

---

[1] On July 15, 2020, undersigned counsel filed the instant motion seeking to strike Plaintiff's pleadings based on his misconduct during Yvonne Nolan's deposition. The Court subsequently ordered a telephonic hearing of all pending motions, to occur on July 24, 2020. Plaintiff failed to appear and the Court dismissed his claim, without prejudice, due to his failure to appear. In closing the case, the Court *terminated* undersigned counsel's motion, without the motion ever being heard. Undersigned counsel now files its renewed motion so that the Court may adjudicate same.

2. The deposition was properly noticed in accordance with the Federal Rules of Civil Procedure, and all parties and the witness appeared via Zoom conference on July 6, 2020, for the deposition.

3. Shortly after the deposition commenced, pro-se Plaintiff Andre began to interrupt undersigned counsel's questioning of the witness solely to obstruct the discovery process and harass undersigned counsel.

> " **Q:** And did Mr. Andre live with you at that address from time to time?
> **A:** Yes.
> **Andre:** Yes.
> **A:** Yes.
> **Q:** And, Mr. Andre, just for your knowledge, obviously you're welcome to voice any objections to the questions. It's a natural thing, but you just can't assist the witness in answering and in response, okay?
> **Andre:** Sir, can we avoid the unrelevant [sic] questions and get straight to the point? You've been ignoring all emails and everything, so you can't really tell me what I cannot do. You're not following your own procedure, what you're saying to me. So we need to get this done and over with you. You're pretty much a waste of time right now."

See Deposition of Yvonne Nolan, pg. 13, lines 2-18, which is attached hereto as **Exhibit "A."**

4. Undersigned counsel instructed Plaintiff several times to not interrupt the proceeding or to at least limit his speaking on the record to specific objections, but Plaintiff refused.

> "**Q:** Okay. The husband where Mr. Andre comes in by marriage, what is his name?
> **Andre:** That is irrelevant right now.
> **A:** Okay. Let me just - -
> **Andre:** The question (simultaneous speaking)
> **A:** - - answer though.
> **Andre:** You're really upset - - you're really upset - -
> **A:** Okay. Wait, wait, wait.
> **Q:** Mr. Andre, please.
> **Andre:** You're asking irrelevant question right now.
> **Court reporter:** Okay. I can't - - I can't - - I need everybody - - hold on.
> **A:** Give her a second.
> **Court reporter:** I cannot catch everything - -

2

> **A:** Okay.
> **Court reporter:** I need one person to speak at a time, please.
> **A:** Okay. I apologize.
> **Q:** Would you like me to ask the question again, Ms. Nolan?
> **Andre:** That's irrelevant.
> **A:** Just wait, Mr. Andre. Just wait a second. Just - -
> **Andre:** I'm the victim so (inaudible) - -
> **Q:** Mr. Andre - -
> **Andre:** You're wasting time right now. Can't you just get to the questions that need to be asked.

See Exhibit A, pg. 21, lines 17-25; pg. 22, lines 1-20.

5.  Additionally, the court reporter advised Plaintiff repeatedly to not speak at the same time as undersigned counsel or the witness but again, Plaintiff refused.

6.  Plaintiff's conduct during Ms. Nolan's deposition prevented undersigned counsel from completing the deposition and forced undersigned counsel to suspend the deposition and seek Court intervention.

7.  Plaintiff's conduct is clearly sanctionable and undersigned counsel requests entry of an order striking Plaintiff's pleadings for his flagrant abuse of the rules of civil procedure.

8.  Defendant Biro has been greatly prejudiced by Plaintiff's refusal to allow undersigned counsel to conduct Ms. Nolan's deposition without interruption and such continued violations will surely result in Defendant Biro being unable to properly formulate a defense to Plaintiff's claims or discover other relevant witnesses to this matter.

9.  Undersigned counsel has incurred time and expense in preparing, coordinating, and attending Ms. Nolan's deposition. These fees and costs were incurred in vain, based solely on Plaintiff's willful violation of the Federal Rules of Civil Procedure and sanctions are clearly appropriate.

WHEREFORE, Defendant RYAN T. BIRO, requests entry of an order striking Plaintiff's pleadings as a sanction, and awarding Defendant RYAN T. BIRO entitlement to his reasonable attorneys fees and costs incurred for the drafting and prosecution of the instant motion, together with the second court-reporter fee to be incurred when Ms. Nolan's deposition resumes, with amounts to be determined at a later date, together with such other and further relief deemed necessary and proper.

**II.     Memorandum of law**

Fed.R.Civ.P. 37(b)(2)(C) authorizes a district court to dismiss an action if a party "fails to obey an order to provide or **permit discovery**." (emphasis added). While disfavored generally, "dismissal [with prejudice under Rule 37] may be appropriate when plaintiff's recalcitrance is due to willfulness, bad faith or fault."  See Reed v. Fulton County Government, 170 Fed.Appx. 674 (11th Cir 2006) at 675; see also, Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). There is a "need for a strict adherence to Rule 37 so as to prevent parties from 'flouting discovery orders.'" See Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1304 (11th Cir. 1991) (quoting National Hockey League, et. al. v. Metropolitan Hockey Club, Inc., et. al., 427 U.S. 639, 96 S. Ct. 2778, 49 L.Ed.2d 747 (1976). "Further, under Rule 41(b), a defendant may move for dismissal of an action for failure of the plaintiff to prosecute or to comply with a court order **or the federal rules**. (emphasis added). "Dismissal under Rule 41(b) is appropriate where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Gratton v. Great American Communications, 178 F.3d 1373 (11th Cir.1999) at 1374; cited in Reed v. Fulton County Gov't, 170 Fed. Appx. 674, 675–76 (11th Cir. 2006).

4

Here, Plaintiff's conduct was clearly intentional, in violation of the Federal Rules of Civil Procedure, Plaintiff's fault, and meant solely to delay and obstruct the discovery process. Although Plaintiff is pro se, he still must comply with the Federal Rules of Civil Procedure.   See <u>Hanna v. Florida</u>, 599 F. App'x 362, 363 (11th Cir. 2015) (citation omitted). Plaintiff continually interrupted undersigned counsel during my direct examination of Yvonne Nolan to the point where I could not reasonably be expected to continue the deposition or maintain any coherent testimony on the record. The court reporter retained for the deposition also struggled greatly to transcribe the testimony due to Plaintiff's repeated interruptions, as evidenced by the transcript filed as an exhibit to the instant motion. Plaintiff's unprofessional conduct only further exacerbated the difficulty of conducting a Zoom deposition in the era of COVID-19. Undersigned counsel does not feel confident that an order of the Court instructing Plaintiff to refrain from this type of conduct during deposition will prevent the same conduct from occurring again when the deposition is reconvened and is therefore asking for the more severe sanction of striking Plaintiff's pleadings.

Importantly, Plaintiff did not limit his disruptions solely to complaints about undersigned counsel's line of questioning, but further devolved into personal threats ["…if you believe that will be the best (inaudible) you can, **<u>it's not going to be good on your end</u>**…." Ex. A, pg. 16, lines 16-19 (emphasis added)]. Plaintiff's attempts to stifle a properly noticed discovery deposition of a non-party witness identified by *Plaintiff* cannot be allowed. Additionally, Plaintiff's explicit threat that things will not be "good on [my] end," if such questioning of a witness continues, is clearly sanctionable conduct. The Federal Rules of Civil Procedure exist to provide a civilized framework within which parties can resolve their disputes. Yelling at, threatening, and obstructing opposing counsel has no place in civil litigation.

WHEREFORE, Defendant RYAN T. BIRO, requests entry of an order sanctioning Plaintiff for his willful violation of the Federal Rules of Civil Procedure, and striking Plaintiff's pleadings, or alternatively ordering Yvonne Nolan to appear for a second deposition within ten (10) days from the date this motion is granted, and awarding the City entitlement to its reasonable attorneys fees and costs for having to reschedule Yvonne Nolan's deposition due to Plaintiff's conduct, and the drafting and prosecution of the instant motion, together with such other and further relief deemed necessary and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of November, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY: /s/W. Hampton Johnson IV
W. HAMPTON JOHNSON IV
FLA. BAR NO. 98607
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendant**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
whjohnson@jambg.com/young@jambg.com

## SERVICE LIST

**WILHELRMS TEDDYS ANDRE**
PRO SE
9351 NW 46TH Court
Sunrise, FL 33351
646-707-9422
Wt_andre@yahoo.com

**W. HAMPTON JOHNSON IV, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
whjohnson@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)