UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 19-62181-CIV-CANNON/Hunt

**WILHELRMS TEDDYS ANDRE,**

    Plaintiff,

v.

**RYAN T. BIRO, et al.,**

    Defendants.

_____/

## AMENDED SCHEDULING ORDER[1]

**THIS CAUSE** is now reset for trial during the Court's two-week trial calendar beginning on **September 27, 2021**. A calendar call will be held at **1:45 p.m. on Tuesday, September 21, 2021**. No pretrial conference will be held unless a party requests one at a later date and the Court determines that one is necessary. Any such request for a pre-trial conference must be made at least 30 days prior to the date of the calendar call. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted at the Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Courtroom 4008, Fort Pierce, Florida 34950. The parties shall adhere to the following schedule:

    **Completed**. The parties shall select a mediator pursuant to Local Rule 16.2, shall schedule a time, date and place for mediation, and shall **jointly file a notice scheduling mediation along with an attached proposed order** in the form specified on the Court's website, http://www.flsd.uscourts.gov.

    **Deadline expired**. All motions to amend pleadings or join parties are filed.

    **Completed**. The parties must have completed mediation and filed a mediation report within five (5) days thereafter. If mediation is not conducted, the case may be stricken from the trial calendar, and other sanctions may be imposed.

---

[1] This Amended Scheduling Order supersedes ECF No. 67.

    **Expired**.  Parties exchange expert witness summaries or reports.

    **Expired**.  Parties exchange rebuttal expert witness summaries or reports.

    **May 3, 2021**.  **All** discovery, including expert discovery, is completed.

    **June 11, 2021**.  All pre-trial motions and *Daubert* motions (which include motions to strike experts) are filed.  **Each party is limited to filing one *Daubert* motion.**  If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages.  The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.  **The parties are directed to review the Court's procedure for the filing of summary judgment motions (set out below)**.

    **August 25, 2021**.  Parties shall submit a joint pre-trial stipulation, exhibit lists, witness lists, deposition designations, and proposed jury instructions and verdict form or proposed findings of fact and conclusions of law, as applicable, and shall file any motions *in limine* (other than *Daubert* motions).  **Each party is limited to filing one motion *in limine***, which may not, without leave of Court, exceed the page limits allowed by the Rules.  The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification.  Each issue raised in a motion *in limine* must specifically identify the evidence sought to be excluded or included at trial, with citations to legal authority supporting the evidentiary ruling requested.

    <u>**Jury Instructions and Verdict Form**</u>.  Although they need not agree on each proposed instruction, the parties shall submit their proposed jury instructions and verdict form jointly.  Where the parties do not agree on a proposed instruction, that instruction shall be set forth in bold type.  Instructions proposed only by a plaintiff shall be underlined.  Instructions proposed only by a defendant shall be italicized.  Every instruction must be supported by citation to authority.  The parties shall use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel contained therein.  The parties shall submit, in Word format via e-mail to cannon@flsd.uscourts.gov, proposed jury instructions and verdict form, including substantive charges and defenses, prior to the calendar call. The parties' jury instructions should identify, as to each proposed jury instruction, whether the proposed language conforms to the Eleventh Circuit Pattern Jury Instructions.  If a proposed instruction deviates from the Pattern Jury Instructions in any respect, such alteration should be made clear in the filing with a supporting explanation.  For instructions on filing proposed documents, please see http://www.flsd.uscourts.gov.

CASE NO. 19-62181-CIV-CANNON/Hunt

**Referral to Magistrate Judge**. Pursuant to 28 U.S.C. § 636 and this District's Magistrate Judge Rules, all pretrial non-dispositive and discovery matters remain referred to United States Magistrate Judge Patrick M. Hunt at this time to take all necessary and proper action as required by law. Excluded from this referral are any requests to extend the deadlines set forth in this Order. Furthermore, in accordance with 28 U.S.C. § 636(c)(1), the parties may consent to trial and final disposition by Magistrate Judge Patrick M. Hunt. **The deadline for submitting a consent is June 11, 2021**. Any such consent must be joint among all parties.

**Good Faith Conferral**. For the purposes of compliance with the good faith conferral requirement of Local Rule 7.1(a)(3), the parties are instructed that a minimal e-mail exchange with opposing counsel shall not constitute a good faith effort under the Local Rules. The parties are instructed to confer either telephonically or in person.

**Discovery**. The parties may stipulate to extend the time to answer interrogatories, produce documents, and answer requests for admissions. The parties shall not file with the Court notices or motions memorializing any such stipulation unless the stipulation interferes with the deadlines set forth above. Stipulations that would so interfere may be entered into only with the Court's approval. *See* Fed. R. Civ. P. 29. In addition to the documents enumerated in Local Rule 26.1(b), the parties shall not file notices of deposition with the Court. Strict compliance with the Local Rules is expected, particularly with respect to motions practice. *See* S.D. Fla. L.R. 7.1.

**Discovery Disputes**. **The parties shall not file any written discovery motions, including motions to compel, for protective order, or for sanctions, without the consent of the Magistrate Judge**. Counsel must actually confer and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking the Court's intervention. The Court may impose sanctions, monetary or otherwise, if it determines that a party has improperly sought or withheld discoverable material in bad faith. If, after conferring, the parties are unable to

resolve their discovery dispute without Court intervention, they shall **not** file written motions. Rather, the "moving party" shall follow Magistrate Judge Hunt's standard discovery procedures. Should the parties have any questions regarding the resolution of discovery issues, counsel should contact the chambers of Magistrate Judge Hunt at (954) 769-5470.

**Summary Judgment**. In addition to filing a Statement of Material Facts as required under Local Rule 56.1(a)-(b), the parties also shall file a *Joint Statement of Undisputed Facts*, which must include all relevant facts about which there is no material dispute. **Each undisputed fact shall be numbered individually and separated by paragraph. It is imperative that each fact in a Statement of Material Facts (or in a response, reply, or joint statement) be accompanied by a particularized pinpoint citation to material in the record pursuant to Local Rule 56.1(b)**. If the supporting material is not in the record, the materials shall be attached to the statement as exhibits specifically titled within the CM/ECF system, and reference to a previously filed exhibit shall use the "ECF No." format. All statements of material fact are limited to 10 pages, *see* Local Rule 56.1(b)(1)(A), and any requests for leave to include additional pages must be submitted to the Court for prior approval. The parties are reminded to consult Local Rule 56.1 to ensure compliance with the form and content of Statements of Material Fact.

**Trial Exhibits**. All trial exhibits must be pre-marked. The Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix; the Defendant's exhibits must be marked numerically with the letter "D" as a prefix. The parties must submit a list setting out all exhibits by the date of the calendar call. This list must indicate the pre-marked identification label (*e.g.*, P-1 or D-1) and include a brief description of the exhibit.

**Voir Dire Questions**. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The

proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation and must also be submitted to the Court, in Word format, via e-mail to cannon@flsd.uscourts.gov. The Court will begin voir dire by questioning the venire individually and as a whole and will permit limited attorney-directed voir dire thereafter. The Court will not permit the backstriking of jurors.

**Form of Filings**. All filings should be prepared using 12-point Times New Roman typeface that is double-spaced and fully justified. This Notice does not supplant the requirements and provisions of Local Rule 7.1(c).

**Joint Filings**. Multiple Plaintiffs or Defendants shall file joint motions with co-parties unless there are clear conflicts of position. If conflicts of position exist, parties shall explain the conflicts in their separate motions.

**Settlement Notification**. If this matter is settled, counsel shall inform the Court promptly via telephone (772-467-2340) and/or e-mail (cannon@flsd.uscourts.gov).

**Duty to Comply**. Failure to comply with this or any order of this Court, the Local Rules, or any other applicable rule may result in sanctions, including dismissal without prejudice or the entry of a default, without further notice. It is the duty of all counsel and *pro se* litigants to enforce the timetable set forth in this Order to ensure an expeditious resolution of this cause.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 1st day of April 2021.

AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE

cc: counsel of record