UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 0:19-cv-62181-AMC

WILHELRMS TEDDYS ANDRE,

     Plaintiff,

v.

RYAN T. BIRO, individually,

     Defendant.

_____/

## DEFENDANT, RYAN T. BIRO'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF SUMMARY JUDGMENT

Defendant, RYAN T. BIRO ("Biro"), by and through undersigned counsel and pursuant to Local Rule 56.1(a), files this Statement of Undisputed Material Facts in Support of his Motion for Summary Judgment. Relevant depositions, affidavits, and documents are provided in Defendant's Appendix in Support of Motion for Summary Judgment filed concurrently herewith [referred to herein as "App. (document number) at (paragraph number).]"

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1.     On April 3, 2017, at approximately 2:40am, Sunrise Police Officer Ryan T. Biro was on patrol in his marked police vehicle, in the parking lot of the Sawgrass Grand Hotel located at 3003 N. University Drive, in Sunrise, Florida. Biro declaration (App. 1) at ¶ 3.

2.     At that time and place Biro observed a black Mercedes backed into a parking spot with its interior light on. The parking spot was in the rear of the hotel parking lot with no other vehicles nearby. Biro declaration (App. 1) at ¶ 4.

3.     There have been multiple vehicle burglaries in the same parking lot behind the Sawgrass Grand Hotel and it is a high crime area. Biro declaration (App. 1) at ¶ 5.

4.      Biro parked his marked police vehicle in the parking space next to the black Mercedes and approached the vehicle on foot. Biro declaration (App. 1) at ¶ 6.

5.      As Biro approached the vehicle, he observed a black male occupant in the driver's seat of the vehicle, and a strong smell of burnt marijuana emanating from the vehicle. Biro declaration (App. 1) at ¶ 7.

6.      Additionally, Biro observed smoke emanating from the vehicle. Biro declaration (App. 1) at ¶ 8.

7.      Biro identified himself as a police officer and asked the occupant of the vehicle, who is now known to be Wilhelrms Teddys Andre, if he was "Ok." Biro declaration (App. 1) at ¶ 9.

8.      While Biro was speaking to Andre, Biro observed a portable ash tray on the center console on the vehicle. Based on his training and experience as a police officer, the ash tray had what appeared to be a partially smoked marijuana cigarette in a tobacco wrapping. Biro declaration (App. 1) at ¶ 10.

9.      Biro stated to Andre that based on the strong smell of marijuana emanating from the vehicle and the appearance of a partially smoked marijuana cigarette in a tobacco wrapping in plain view, he was going to conduct a search of the vehicle for contraband. Biro declaration (App. 1) at ¶ 11.

10.     Andre became irate and began reaching underneath the driver's seat. Biro gave Andre several verbal commands to show his hands and place his hands on the steering wheel.

2

Andre initially complied with Biro's commands and removed his Florida ID from his wallet. Biro declaration (App. 1) at ¶ 12.

11.    As Biro reached his hand out to inspect Andre's ID, Andre snatched his ID away and prevented Biro from inspecting it. Biro declaration (App. 1) at ¶ 13.

12.    Andre then again reached his other hand under the driver's seat of the vehicle at which point Biro again ordered Andre to show his hands. Biro declaration (App. 1) at ¶ 14.

13.    Andre failed to comply with Biro's commands, and Biro feared for his safety because Biro reasonably believed that Andre was reaching for a weapon, so Biro then immediately and physically removed Andre from the vehicle and placed him in handcuffs. Biro declaration (App. 1) at ¶ 15.

14.    Biro then conducted a search of the vehicle and secured the suspected cannabis and discovered a loaded Glock .45 caliber handgun underneath the driver's seat of the vehicle where Biro had previously witnessed Andre reaching under the same seat. Biro declaration (App. 1) at ¶ 16.

15.    The handgun had four rounds of ammunition in its magazine and one round of ammunition in the chamber. The handgun was not in a case or holster and was readily accessible. Biro declaration (App. 1) at ¶ 17.

16.    The partially burnt suspected marijuana cigarette contained a small amount of a green leafy substance that field tested positive for cannabis. Biro declaration (App. 1) at ¶ 18.

17.    Biro then conducted an NCIC (National Crime Information Center) / FCIC (Florida Crime Information Center) check of Andre's full legal name which revealed an active arrest warrant for violation of parole for a prior felony conviction of possession of marijuana over twenty

(20) grams. <u>Biro declaration (App. 1)</u> at ¶ 19.

18.    Biro confirmed the validity of the warrant via Sunrise Police Department Teletype using the reference number of the warrant (WNO-201703935). <u>Biro declaration (App. 1)</u> at ¶ 20.

19.    Further investigation of Andre via the Sunrise Police Department Teletype in Biro's vehicle confirmed that Andre is a convicted felon in the state of Florida for the charge of possession of marijuana over twenty (20) grams. The date of conviction was July 2, 2013. <u>Biro declaration (App. 1)</u> at ¶ 21.

20.    Biro then advised Andre of his Miranda Rights and placed him under arrest for possession of a weapon by a convicted felon, carrying a concealed weapon, possession of marijuana less than twenty grams, possession and/or use of drug paraphernalia, and violation of probation pursuant to his existing felony warrant. <u>Biro declaration (App. 1)</u> at ¶ 22.

21.    After being handcuffed and placed in the back of Biro's marked police vehicle, Andre was medically evaluated by Warren Stoeber, a firefighter/EMT with the City of Sunrise. <u>Stoeber declaration (App. 2)</u> at ¶ 2-4.

22.    Stoeber conducted a full medical assessment and evaluation of Andre on scene pursuant to his training and experience as well as the City of Sunrise's policies and procedures for responding to calls for service. Stoeber's assessment and evaluation was memorialized contemporaneously in his six-page ambulance record dated April 3, 2017. <u>Stoeber declaration (App. 2)</u> at ¶ 5.

23.    Andre denied losing consciousness, shortness of breath, chest pain, nausea, or vomiting on scene. <u>Stoeber declaration (App. 2)</u> at ¶ 9.

24.    Andre denied pain to his head, face, neck, chest, abdomen, back, and extremities.

Stoeber declaration (App. 2) at ¶ 10.

25.     Stoeber did not observe any injuries to Andre. Stoeber declaration (App. 2) at ¶ 10.

26.     Andre did not complain of any injuries, other than his wrists being sore from his handcuffs. Stoeber declaration (App. 2) at ¶ 11.

27.     Stoeber did not observe any bleeding, cuts, scratches, swelling, or other acute signs of injury. Stoeber declaration (App. 2) at ¶ 13.

28.     All of Andre's vital signs were assessed on scene and determined to be within normal limits. Stoeber declaration (App. 2) at ¶ 14.

29.     Andre was then transported to the BSO Main Jail for processing without further incident. Biro declaration (App. 1) at ¶ 23.

30.     Other than removing Andre from the vehicle to place him under arrest, Biro did not use any force against him. Biro declaration (App. 1) at ¶ 25.

31.     Biro did not use excessive force against Andre. Biro declaration (App. 1) at ¶ 26.

32.     Biro had probable cause to arrest Andre pursuant to a valid felony warrant for violation of probation. Biro declaration (App. 1) at ¶ 27.

33.     Biro had probable cause to arrest Andre for possession of marijuana. Biro declaration (App. 1) at ¶ 28.

34.     Biro had probable cause to arrest Andre for possession of a firearm by a convicted felon. Biro declaration (App. 1) at ¶ 29.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 11th day of June, 2020, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

BY: */s/ W. Hampton Johnson IV*
   W. HAMPTON JOHNSON IV
   FLA. BAR NO. 98607
   JOHNSON, ANSELMO, MURDOCH,
   BURKE, PIPER & HOCHMAN, P.A.
   **Attorneys for Defendant**
   2455 East Sunrise Boulevard, Suite 1000
   Fort Lauderdale, FL 33304
   954/463-0100 Telephone
   954/463-2444 Facsimile
   whjohnson@jambg.com/young@jambg.com

6

## SERVICE LIST

**BRIDGETTE M. DOMINGOS, ESQ.**
DOMINGOS LAW, LLC
705 W. Bay Drive, #705
Largo, FL 33770
(727) 755-8448 (Phone)
bridgette@domingoslaw.com

**APRIL S. GOODWIN, ESQ.**
THE GOODWIN FIRM
801 W. Bay Drive, #705
Largo, Fl 33770
(727) 316-5333 (Phone)
april@goodwin-firm.com

**W. HAMPTON JOHNSON IV, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendant**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
whjohnson@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)