UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 0:19-cv-62181-AMC

WILHELRMS TEDDYS ANDRE,

    Plaintiff,

v.

RYAN T. BIRO, individually,

    Defendant.

_____/

## DECLARATION OF OFFICER RYAN T. BIRO

I, RYAN T. BIRO, pursuant to 28 U.S.C. § 1746(2), declare under penalty of perjury, as follows:

1. My name is Ryan T. Biro, I am over the age of 18 and I have personal knowledge of the facts set forth herein.

2. I am currently employed as a sworn law enforcement officer with the City of Sunrise.

3. On April 3, 2017, at approximately 2:40am, I was on patrol in my marked police vehicle, in the parking lot of the Sawgrass Grand Hotel located at 3003 N. University Drive, in Sunrise, Florida.

4. At that time and place I observed a black Mercedes backed into a parking spot with its interior light on. The parking spot was in the rear of the hotel with no other vehicles nearby.

5. There have been multiple vehicle burglaries in the same parking lot behind the Sawgrass Grand Hotel and this is a high crime area.

6. I parked my marked police vehicle in the parking space next to the black Mercedes and approached the vehicle on foot.

7. As I approached the vehicle, I observed a black male occupant in the driver's seat of the vehicle, and a strong smell of burnt marijuana emanating from the vehicle.

8. Additionally, I observed smoke emanating from the vehicle.

9. I identified myself as a police officer and asked the occupant of the vehicle, who I now know to be Wilhelrms Teddys Andre, if he was "Ok."

10. While I was speaking to Andre, I observed a portable ash tray on the center console on the vehicle. Based on my training and experience as a police officer, the ash tray had what appeared to be a partially smoked marijuana cigarette in a tobacco wrapping.

11. I stated to Andre that based on the strong smell of marijuana emanating from the vehicle and the appearance of a partially smoked marijuana cigarette in a tobacco wrapping in plain view, I was going to conduct a search of the vehicle for contraband.

12. Andre became irate and began reaching underneath the driver's seat. I gave Andre several verbal commands to show me his hands and place his hands on the steering wheel. Andre initially complied and removed his Florida ID from his wallet.

13. As I reached my hand out to inspect Andre's ID, Andre snatched his ID away and prevented me from inspecting it.

14. Andre then again reached his other hand under the driver's seat of the vehicle at which point I again ordered Andre to show his hands.

15. Andre failed to comply with my commands, and I feared for my safety because I reasonably believed that Andre was reaching for a weapon, so I then immediately and physically removed Andre from the vehicle and placed him in handcuffs.

16. I then conducted a search of the vehicle and secured the suspected cannabis and discovered a loaded Glock .45 caliber handgun underneath the driver's seat of the vehicle where I had previously witnessed Andre reaching under the same seat.

17. The handgun had four rounds of ammunition in its magazine and one round of ammunition in the chamber. The handgun was not in a case or holster and was readily accessible.

18. The partially burnt suspected marijuana cigarette contained a small amount of a green leafy substance that field tested positive for cannabis.

19. I then conducted an NCIC (National Crime Information Center) / FCIC (Florida Crime Information Center) check of Andre's full legal name which revealed an active warrant for violation of parole for a prior felony conviction of possession of marijuana over twenty (20) grams.

20. I confirmed the validity of the warrant via Sunrise Police Department Teletype using the reference number of the warrant (WNO-201703935).

21. Further investigation of Andre via the Sunrise Police Department Teletype in my vehicle confirmed that Andre is a convicted felon in the state of Florida for the charge of possession of marijuana over twenty (20) grams. The date of conviction was July 2, 2013.

22. I then advised Andre of his Miranda Rights and placed him under arrest for possession of a weapon by a convicted felon, carrying a concealed weapon, possession of marijuana less than twenty grams, and violation of probation pursuant to his existing felony warrant.

23. Andre was transported to Westside Regional and then to the BSO Main Jail for processing without further incident.

24. Andre was medically cleared for booking at the BSO Main Jail and did not need any medical attention.

25. Other than removing Andre from the vehicle to place him under arrest, I did not use any force against him.

26. I did not use excessive force against Andre.

27. I had probable cause to arrest Andre pursuant to a valid felony warrant for violation of probation.

28. I had probable cause to arrest Andre for possession of marijuana.

29. I had probable cause to arrest Andre for possession of a firearm by a convicted felon.

**FURTHER THE DECLARANT SAYETH NAUGHT.**

I declare under penalty of perjury that the foregoing is true and accurate.

Dated this _____ day of March, 2021.

_____
RYAN T. BIRO

_____
Ryan T. Biro

STATE OF __Florida__   )
                      ) SS.:
COUNTY OF __Broward__  )

Sworn to (or affirmed) and subscribed before me by means of ☒ physical presence or ☐ online notarization, who after being first duly sworn, deposes and states that he answered the Interrogatories, and the facts contained therein are true and correct to the best of his knowledge and belief.

SWORN TO AND SUBSCRIBED before me this __13__ day of __May__, 2021, by __Ryan T. Bird__, who is personally known to me, or who has produced _____ as identification.

_____
Notary Public, State of Florida at Large
Printed Name: __Candyce Conley__

(NOTARY SEAL)

CANDYCE H. CONLEY
Notary Public - State of Florida
Commission # GG 961404
My Comm. Expires Mar 30, 2024
Bonded through National Notary Assn.

My commission expires: