UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No. 19-62181-CIV-CANNON/HUNT

WILHELRMS TEDDYS ANDRE,

    Plaintiff,

v.

RYAN T. BIRO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on Defendant's Motion to Tax Costs ("Motion"), ECF No. 122. The Honorable Aileen M. Cannon referred the Motion to the undersigned for a Report and Recommendation. S*ee* ECF No. 125; 28 U.S.C. § 636; S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the record and the Motion, the undersigned respectfully RECOMMENDS that Defendant's Motion to Tax Costs, ECF No. 122, be GRANTED in part as set forth below.

## BACKGROUND

Wilhelrms Teddys Andre ("Plaintiff") brought this 42 U.S.C § 1983 action against Ryan T. Biro ("Defendant") alleging that he was subjected to excessive force, false arrest, false imprisonment, and assault and battery during his arrest on April 3, 2017. ECF No. 36. On September 30, 2021, the District Court entered summary judgment in favor of Defendant on counts I and III. ECF No. 96. On October 14, 2021, the jury found in favor of Defendant on the remaining counts. ECF No. 115. Accordingly, the District Court entered final judgment in favor of Defendant. ECF No. 115.

Defendant, asserting that he is the prevailing party, now moves this Court for an award of taxable costs pursuant to 28 U.S.C. §1920 for all costs incurred in litigating this dispute. ECF No. 122. Plaintiff filed a response in opposition and Defendant filed a reply in support of his Motion. ECF Nos. 127, 129

## DISCUSSION

1. Costs

Defendant seeks to recover $5,560.63 in litigation costs, which result from fees for transcripts obtained for use in the case, fees for copies of records that were obtained for use in the case, and service of process fees.

    A.    Prevailing Party

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to recover costs other than attorneys' fees. Further, Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party. *See Trident Int'l, Ltd. v. Imperial Majesty Cruise Line, LLC*, No. 08-61277-CIV-DIMITROULEAS/SNOW, 2011 WL 845875, at *1 (S.D. Fla. Jan. 19, 2011). "A prevailing party analysis requires a determination of whether a court-ordered material alteration of the legal relationship between the parties has occurred." *Sream, Inc. v. HHM Enter. Partners, Inc.*, No. 16-62641-CIV-BLOOM/VALLE, 2017 WL 3007534, at *2 (S.D. Fla. July 14, 2017).

Here, the District Court entered final judgment in favor of Defendant on all claims in accordance with its Order on Summary Judgment and the jury's verdict. ECF No. 117. Further, Plaintiff does not contest that Defendant is the prevailing party. ECF No. 127. Therefore, the undersigned finds that Defendant is the prevailing party and entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d).

B.     Recoverable Costs

Accordingly, as Defendant is the prevailing party, this Court is permitted to tax as costs only those expenses enumerated in 28 U.S.C. § 1920. *Doria v. Class Action Servs., LLC*, 261 F.R.D. 678, 685 (S.D. Fla. 2009). Under 28 U.S.C. § 1920, the following costs may be taxed:

> (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

1.     Service of Process Fees

Defendant seeks to recover $395 for fees paid to process servers to serve subpoenas issued to Plaintiff ($40), Yvonne Nolan ($125 and $210), and Sawgrass Grand Hotel ($40). Defendant contends that these fees were necessarily incurred in the defense of this action. Plaintiff responds that Defendant did not state whether he attempted to contact the witnesses to get them to agree to accept the subpoenas without the need for process. Defendant counters that Plaintiff has not cited and cannot cite any legal authority for this argument.

"[P]rivate process server fees may be taxed pursuant to §§ 1920(1) and 1921." *EEOC v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Such costs are recoverable provided the rate charged does not exceed the cost of having a U.S. Marshal effect service. *See id.* 28 C.F.R. § 0.114(a)(3) states that the current rate is "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." The undersigned

3

agrees with Defendant that Plaintiff has not cited any legal authority, and the undersigned has found none, that requires a party to contact witnesses to determine whether they will accept subpoenas in order to be entitled to tax costs associated with service. After reviewing the invoices and Defendant's Reply, the undersigned does not find any justification for process server fees more than the standard $65 charged by the U.S. Marshals Service. Accordingly, the undersigned recommends that Defendant be entitled to tax costs in the amount of $210, $40 for the subpoena issued to Plaintiff, $40 for the subpoena issued to Sawgrass Grand Hotel, and $130 ($65 each) for the subpoenas issued to Yvonne Nolan.

        2.        Court Reporter and Transcripts

Defendant next seeks an award of taxable costs for fees related to printed or electronically recorded transcripts necessarily obtained for use in the case in the amount of $5,158.63. Defendant contends that all the depositions in this matter were conducted to prepare and establish Defendant's defenses, to evaluate Plaintiff's claims and damages, and to serve as evidence for summary judgment.

Plaintiff responds that Defendant has not met his burden of demonstrating that both methods of recording, video and stenographic, were necessary for the deposition, and thus should not be allowed to recover for these costs. Further, Plaintiff contends that Defendant has not shown why expedited service was necessary and that charges incurred solely for the convenience of counsel are not reimbursable under § 1920. Plaintiff argues that Defendant has not met his burden of demonstrating that any of the depositions were necessary.

Defendant replies that he only set two depositions that were necessary, Plaintiff and Yvonne Nolan.  Defendant asserts that not only did Plaintiff identify Ms. Nolan as a person with knowledge of the events in his deposition but also Plaintiff utilized an affidavit from Ms. Nolan in Plaintiff's response to Defendant's Motion for Summary Judgment. Defendant concedes that expedited fees are not recoverable but states that the facility that produced the transcripts of Defendant's and Sergeant Castro's depositions stated that the cost of the transcript is doubled when expedited.  ECF No. 129 at 3 n.1.  However, Defendant insists that the depositions themselves were necessary and should be reimbursable.

"A court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'"  *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (quoting *EEOC v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000)).  The burden falls on the non-prevailing party to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case.  *Id.* (citing *W & O*, 213 F.3d at 621). "Recoverable costs include deposition-transcript fees and attendance fees of the court reporter or per diem."  *DuChateau v. Camp Dresser & McKee, Inc.*, No. 10-60712-CIV-ROSENBAUM, 2012 WL 1069166, at *2 (S.D. Fla. Mar. 29, 2012).  Additional expenses that are frequently included in stenographer invoices such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping, are not reimbursable because such extra services are typically only for the convenience of counsel.  *Davis v. United States*, No. 08-81447-CIV-HURLEY/HOPKINS, 2010 WL 3835613, at *4 (S.D. Fla. Sept. 7, 2010).

"The Eleventh Circuit has held that when a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Perfect Web Techs., Inc. v. Infousa, Inc.*, No. 07-80286-CIV-RYSKAMP/HOPKINS, 2009 WL 2407689, at *9 (S.D. Fla. Aug. 4, 2009) (internal quotation and citation omitted). "However, the party seeking reimbursement must still demonstrate that the transcripts were necessarily obtained for use in the case and where reimbursement for both methods of recording is sought, the prevailing party bears the burden of proving that both methods were necessary." *Id.* (citation omitted).

Here, the undersigned finds that Defendant has met his burden of demonstrating that the deposition of Plaintiff and Ms. Nolan were necessary, however, Defendant has failed to explain why both methods of recording the deposition were necessary. Further, Defendant's counsel used Plaintiff's written transcript at trial and not the video deposition. While this could very well be a litigation tactic, it does undermine the claimed necessity of the video deposition. Therefore, the undersigned recommends that the costs associated with the video deposition of Plaintiff be denied. Additionally, the undersigned finds the video technology package and the shipping associated with the Plaintiff's deposition to be for the convenience of the party and not recoverable.

While the burden is on Defendant to show that both methods were necessary to recover costs associated with the deposition, the non-prevailing party, Plaintiff, bears the burden to show that the specific deposition costs were either not necessary for use in the case or that the deposition was not related to an issue present in the case. The

undersigned finds that Plaintiff has not met his burden of showing that the depositions were not necessary for use in the case.

Next, turning to the expedited deposition orders of Plaintiff's depositions of Defendant and Sergeant Luis Castro, the undersigned finds that expedited service was simply for counsel's convenience. Accordingly, the undersigned finds that Defendant is entitled to recover half of the amount listed in the invoices for the transcript orders.[1]  Thus, the costs of the deposition of Luis Castro should be reduced from $450 to $225 and the deposition of Defendant should be reduced from $1150 to $575.

In sum, the undersigned recommends that Defendant should be entitled to tax costs related to electronic transcripts in the amount of $3,298.05 ($1,767.25 for the deposition of Plaintiff, $270.50 and $460.30 for the depositions of Ms. Nolan, $575 for the deposition of Defendant, and $225 for the deposition of Sergeant Castro).

### 3. Fees for Copies of Records.

Lastly, Defendant seeks fees for copies of records in the amount of $7. Plaintiff's response does not mention or seemingly object to these costs. Defendant contends that the costs of making these copies were necessary for use in the case and not made solely for the convenience of the attorneys. The undersigned finds that Defendants should be entitled to tax costs related to the fees for printing and copying pursuant to §1920(4). Therefore, the undersigned recommends that Defendant be entitled to recover $7 for copies of records.

---

1. The undersigned finds that half the amount of the depositions is recoverable based on Defendant's representation that the facility, Murray Court Reporting, stated to Defendant that the cost of the expedited service of the depositions would be double. Therefore, the undersigned recommends reducing the costs of the depositions by half.

4.  Summary of Costs Recommended

In sum, the undersigned recommends that Defendant be entitled to recover the following costs:

1. Service of Process Fees in the amount of $210.
2. Court Reporter and Transcript Fees in the amount of $3,298.05.
3. Fees for Copies of Records in the amount of $7.
4. Total award of $3,515.05.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RECOMMENDS that Defendant's Motion to Tax Costs, ECF No. 122, be GRANTED in part. Defendant should recover taxable costs of $3,515.05.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2018); see *Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 18th day of February 2022.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Aileen M. Cannon

All Counsel of Record

Wilhelrms Teddys Andre
9351 NW 46th Court
Sunrise, FL 33351
*Pro se*